999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Frances L. LARSON, Debtor.
Frances L. LARSON, Appellant
v.
Gordon LARSON, Appellee.
 No. 91-35910.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided July 26, 1993.
 
 Before: TANG, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pursuant to the divorce decree dissolving Frances L. Larson's ("Mrs. Larson") marriage to Gordon Larson ("Mr. Larson"), Mrs. Larson received the family farm subject to a lien awarded simultaneously to Mr. Larson for $31,724.00. Subsequently, Mrs. Larson filed for bankruptcy and moved to avoid Mr. Larson's lien under 11 U.S.C. § 522(f)(1) as a judicial lien impairing her right to a homestead exemption. The bankruptcy court denied Mrs. Larson's motion. The Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") affirmed. Mrs. Larson appeals. We have jurisdiction under 28 U.S.C. § 158(d) and we affirm.
 
 I.
 
 3
 Mrs. Larson argues that under 11 U.S.C. § 522(f)(1), she may avoid Mr. Larson's lien because it is a judicial lien impairing her homestead exemption.
 
 
 4
 To avoid a lien pursuant to § 522(f)(1), a debtor must possess "an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." Farrey v. Sanderfoot, 111 S.Ct. 1825, 1831 (1991) (emphasis added).
 
 II.
 
 5
 Whether Mrs. Larson ever possessed an interest in the family farm before Mr. Larson's lien fixed is a question of state law. See id. at 1830. The BAP concluded in an unpublished order that "under Washington law, Larson's lien did not attach to the preexisting interest of the debtor in the subject property."[1] The BAP therefore held that, under Sanderfoot, § 522(f)(1) was not available. We agree.
 
 
 6
 Here, as in In re Catli, No. 91-35131 (9th Cir. submitted on Feb. 2, 1993), the divorce decree was not an encumbrance on any part of Mrs. Larson's previous undivided one-half interest.[2] The decree granted Mrs. Larson an interest different from what she had held before the rendering of the decree. Therefore, Mrs. Larson never possessed an interest to which Mr. Larson's lien attached, before it attached, and § 522(f)(1) does not apply. Our decision is consistent with the language of § 522(f)(1) and its intended purpose. Section § 522(f)(1) was designed to prevent creditors from rushing into court to obtain a judgment and defeat a debtor's homestead exemption and this is not the situation in a divorce proceeding. Sanderfoot, 111 S.Ct. at 1831. Mr. Larson did not obtain the lien to thwart Mrs. Larson's homestead exemption; rather, the divorce decree granted Mr. Larson the lien to protect his interest awarded under the decree. Under these circumstances, Mrs. Larson may not avoid Mr. Larson's lien pursuant to § 522(f)(1).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under Washington law, each spouse owns an undivided one-half interest in community property. deElche v. Jacobsen, 622 P.2d 835, 838-39 (Wash.1980). If a marriage is dissolved, then a court in a divorce proceeding must dispose of the couple's property, either community or separate. Wash.Rev.Code § 26.09.080. In this instance, the state divorce court disposed of Mr. and Mrs. Larson's property by awarding Mrs. Larson sole title to the family farm subject to a lien awarded simultaneously to Mr. Larson for $31,724.00
 
 
 [2]
 Our opinion in In re Catli, No. 91-35131 (9th Cir.1993), was filed simultaneously with our disposition in the present case